UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MAURICE L. SHORTS** | **CIVIL ACTION** |
| **VERSUS** | |
| **JOHN DOE #1, ET AL.** | **NO.: 16-00353-BAJ-RLB** |

### RULING AND ORDER

Before the Court is the **Motion to Set Aside Entry of Default and to Dismiss for Insufficient Service of Process (Doc. 15)** by Defendant Baywater Drilling, LLC, and the **Motion for Default Judgment as to Baywater Drilling (Doc. 16)** by Plaintiff Maurice L. Shorts. Baywater Drilling, LLC seeks to set aside an Entry of Default (Doc. 14) entered on October 18, 2016, and to dismiss the claims against them without prejudice, because Plaintiff failed to properly effect service of process. (Doc. 15 at p. 1, 6). Plaintiff, proceeding *pro se*, has not responded to the motion. For reasons explained fully herein, the **Motion to Set Aside Entry of Default and to Dismiss for Insufficient Service of Process (Doc. 15)** is **GRANTED**, and the **Motion for Default Judgment as to Baywater Drilling (Doc. 16)** is DENIED.

### I.   BACKGROUND

Plaintiff initiated this action against "Baywater Drilling Company," John Doe #1, John Doe #2, and A.B.C. Insurance, alleging civil rights violations based on his race. (Doc. 1). No answer or other responsive pleading was filed, and on October 18,

1

2016, the Clerk entered the Default Judgment against Baywater Drilling Company. (Doc. 14). Notably, the named Defendant "Baywater Drilling Company" is not a legal entity with the capacity to be sued. (Doc. 15-1 at p. 4). The actual legal entity that Plaintiff seeks to sue is Baywater Drilling, LLC. (*Id.* at 2).

Baywater Drilling, LLC's appointed agent for service of process is CT Corporation System, located at 3867 Plaza Tower Drive, Baton Rouge, LA 70816. (*Id.* at 2). However, after filing the lawsuit Plaintiff attempted to directly serve Baywater Drilling, LLC through the United States Marshals Service, which at Plaintiff's request, personally served Chelsea Voclain, a receptionist employed by Baywater Drilling, LLC, 668 South Hollywood Road, Houma, Louisiana, 70360. (*Id.* at 1-2). Baywater Drilling, LLC seeks to have the Entry of Default set aside, and have the action dismissed for insufficient service of process. (*Id.* at 1).

## II. DISCUSSION

### A. Service of Process was Insufficient

Whether the service of process utilized here was sufficient is determinative of whether the Court will set aside the Default and whether the Court will dismiss the case. Here, service of process was insufficient. "Service on a limited liability company ("LLC") is governed by the same rules applicable to corporations." *Joe Hand Promotions, Inc v. Behind The Fence, LLC*, No. CV 16-00196, 2016 WL 5416836, at *2 (W.D. La. Aug. 22, 2016). Rule 4(h)(1)(A) governs service on corporations. Fed. R. Civ. P. 4. Under this rule, there are two ways to properly serve corporate defendants.

First, a corporate defendant can be served in compliance with state procedure. Fed. R. Civ. P. 4(e)(1)(A). Louisiana law prescribes that, if the LLC has a designated

2

agent for service of process, the LLC can be properly served by personal service on any one of its agents designated for service of process. La.Code Civ. P. art. 1266(A). However, even though Baywater Drilling, LLC had a designated agent, Plaintiff failed to serve the designated agent. (Doc. 15-1 at pp. 2, 5).

Second, the Federal Rules of Civil Procedure indicate that an LLC may also be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). However, in this case the service was delivered to a receptionist, who does not fall within any of the categories listed in the rule. (Doc. 15-1 at p. 5). Since neither of the methods that the rules prescribe were properly effectuated, the Court concludes that service of process was improper.

## B. Effect of Improper Service on Motions *Sub Judice*

Since the service was improper, the Court must set aside the Default Judgment and dismiss the action without prejudice. First, as to the Default, a district court lacks jurisdiction over a defendant because of improper service of process, and therefore entry of a default judgment is void and must be set aside. *Rogers v. Hartford Life and Accident Insurance Co.*, 167 F.3d 933, 940 (5th Cir. 1999). As a consequence, the Court must also deny Plaintiff's motion to confirm the Default Judgment as to Baywater.

Second, as to the motion to dismiss, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or

3

order that service be made within a specified time." Fed. R. Civ. P. 4(m). More than 90 days have passed since this case was filed, and therefore, on the motion of Defendant, the action will be dismissed without prejudice.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for Default Judgment as to Baywater Drilling (Doc. 16) is DENIED.**

**IT IS FURTHER ORDERED** that the **Motion to Set Aside Entry of Default and to Dismiss for Insufficient Service of Process (Doc. 15) is GRANTED**.

**IT IS FURTHER ORDERED** that the above captioned case is **DISMISSED WITHOUT PREJUDICE**.

Baton Rouge, Louisiana, this 27th day of January, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**